Judge Wood
delivered the opinion of the court:
The first error assigned on this record presents the question, whether the court- can discharge the jury after they had been once impaneled on the trial of a criminal cause without a discharge of the defendant? If they have not this power, the court were clearly in error in putting the plaintiff in error a second time on his trial in this indictment, fo,r no rule is better settled than that which prohibits putting a person twice in jeopardy for the same crime; and our constitution is nothing more than the recognition of the common law principle on that subject. Have the court, then, the power whore the jury are unable to agree, or for any reasonable cause, to discharge them, continue the prosecution, remand the prisoner, and try him at a subsequent term. There have, in modern times, been several decisions in England, which seem to sustain the course pursued by the court below. In the case of the People v. Olcott, 2 Johns. Cas. 301, Kent, Justice, in delivering the opinion of the court, says, that the position, generally,' denying the power of the court to discharge a jury, sworn and charged in a criminal ease, has originated from a dictum to be found in the *408 institutes of Lord Coke, and that this dictum rests on his single authority, without the sanction of any judicial decision. On the other hand, he says, there are many authorities which establish the power of the court to discharge the jury in capital cases. It was done in the case of Ferreus, cited in Sir Thomas Raymond; in 1 Ventris, 69, and in Foster, 271, which was a case of murder. In Salkeld, 646, and 2 Hale’s P. C. 295, it is said, in direct opposition to Coke, that the practice had been common for the court, after the jury were sworn and charged and evidence given, to discharge the jury and remand the prisoner for another trial. In Foster, 22, in the case of the two Kinlocks, ten judges against one held, that the rule as laid down by Coke, that the court had not this power, had no authority to support it. That these cases are not capable of being determined by any general rule, for none could govern the discretion of the court, in all possible circumstances. Many other cases are stated in the books where this power may be exercised, besides the one mentioned in 403] this record.; 1 Camb. 401; in Rellinge, *26; 2 State Tr. 710, 827, this general power is recognized. 1 Hale, 35, if a prisoner be found insane; Leach, 443, or in a fit; Fowler, 76, or be taken in labor; or if a juror escape from his fellows, or be intoxicated ; in all these cases it has been held, that the jury may be discharged, and the prisoner remanded for another trial. In New York, in the People v. Olcott, the jury could not agree, and the court determined the power to discharge, and against the consent of the defendant, was not to be denied. The power of the court, in such cases, is analogous to their power in civil cases, and they possess the same power and control over the verdict. 6 Johns. 88. In New York, 18 Johns., the whole doctrine on this subject, in the case of the People v. Goodwin, was ably discussed, and all the leading authorities reviewed by Justice Spencer, and the law settled, as it had been before pronounced, by Justice Kent, in the case of the People v. Olcott. In Massachusetts, Commonwealth v. Bowden, 9 Mass. 494, Judge Parsons says, it-would not be consistent with the genius of our government or laws to use compulsory means to effect an agreement among jurors. After these solemn adjudications, it would require a bold man, in the exercise of his judicial function, to depart from principles they appear so conclusively to establish. No error, then, is perceived by us in the decision of the common pleas in discharging the juiy *409 when they could not agree, and remanding the prisoner for anoth er trial.
The next assignment for error is, that the court refused to have the verdict of the jury acquitting the plaintiff in error, on the first count in the indictment, entered on the journal.
On this point we can find no decided case, and it must depend on the general analogies of the law. There are many authorities to this point, that the rules of evidence and proceeding, the power of the court over the jury, the verdict of. the jury, and the' right to grant new trials, is the same in criminal as in civil cases. 6 Johns. 688; Jones,163; Caine’s Ab.478. Suppose, then,acivilcase, a declaration on several separate contracts, with the proper count for each, and the jury having received the cause, should retire and again come into court and say that on one count they found for the defendant, but on the others they could not agree, could the court legally receive such verdict? If so, they must discharge the jury, continue the cause, and try it on the other counts at the next term. We think no precedent of the kind can be found. *We apprehend the ease is not changed in the reason which [404 should be applied, because this case wears a criminal form. A verdict in either a civil or criminal case must be considered an entire thing. It must respond to the whole declaration, and to every count in the indictment, or the court can not legally receive it as the verdict of the jury. Indeed, this court has decided, in several instances, if the verdict does not respond to an issue of fact, made by the defendant in civil cases, it is error. In this case the record shows that the jury could not agree on a verdict on the last two counts in the indictment; and having agreed on the first, was no reason why the verdict should have been received. It was in law no verdict, and the court did not err in rejecting it altogether.
The third assignment is that the court of common pleas erred in sustaining the demurrer to the special pleas. We have carefully examined this point, and have substantially disposed of it in our remarks on the other two points. The first plea is intended as a plea of autrefoits acquit. It sets up the statement of the jury, that they agreed the plaintiff in error was not guilty on the first count, and avers that such acquittal was an acquittal on all the counts. This plea avers that there was the verdict of the jury only. The reason why it is bad on its face is, that it was not then *410 a judgment of the court on that verdict. In 2 Hale’s Pleas of the ■Crown, 243, the law is given as thus: “But it is to be known that there must not only be an acquittal by verdict, but a judgment thereupon, quod eat sine die, for the bare verdict of his former acquittal is not a sufficient bar, without a judgment pleaded also.”
The second plea states only that the jury were impaneled and ■sworn, heard the evidence, and were, discharged without delivering their verdict. The general authority and discretion of the court to discharge the jury renders this plea also insufficient. If the circumstances of the case were such that it was arbitrary, tyrannical, and oppressive in the court to discharge the jury, the plea should show the facts, which it does not do. The demurrer was then properly sustained.
The fourth assignment is, that the court of common pleas erred in not granting the plaintiff a new trial for the reasons assigned. The granting of new trials is a matter addressed to the sound discretion of the court, and it is extremely difficult in most cases to reach and revise the result of the exercise of that discretion on 405] error. It is true their discretion is a *legal discretion, and cases may arise where its exercise would be so manifestly erroneous that error would lie for such decision, but it seldom occurs. The first point made in the motion for a new trial is, that the verdict of the jury is against the evidence. The record furnishes us no proof what the evidence was on the trial, and we can not say that the court of common pleas erred in refusing the motion on that point. The second reason assigned for this motion is, that the jury were illegally impaneled, because no new venire was ordered when the first jury were discharged. It is a sufficient answer to this objection that it was not taken by the plaintiff in error when the jury were impaneled, and if it were an objection by his not making it then, it is clearly waived. The plaintiff in error, as the record shows, was tried by a jury of his own selection. The third reason for the motion is, that the traverse jury mistook an important fact; and the fifth, that new testimony has been discovered. On neither of these points does it appear, from the record, that the common pleas had any evidence to sustain these points in a motion for a new trial.
The remaining point in the motion for a new trial was, that the verdict was against the law, but of this we have already disposed. *411 We can not discover from all the reflection we have been enabled, to give this subject, that the court of common pleas have not violated any known rule of law, nor deviated from the exercise of a sound legal discretion, in overruling the motion for a new trial. It is also said the jury were not unanimous in the verdict; but this is denied by the record, and does not aid, therefore, the plaintiff in error.
The next assignment for error is, that the court did not arrest the judgment for the reasons filed. This motion in arrest presents but one question, but what is assigned for error. It is alleged in this motion, that the prosecution was not continued when the first jury were discharged; and they urge, therefore, that it was discontinued and out of court. It is unnecessary to discuss the effect of such an omission in this case, because the record shows in express terms a continuance.
The only remaining assignment for error is, that it is not averred in the indictment that the grand jury were impaneled and sworn, to inquire within and for the body of the county of Highland, and this assignment can scarcely require notice. The law points out the duty of the grand jury, the law requires them to inquire within and for the body of the county, *when they [406 are impaneled, and for no other county; to her they are impaneled and sworn, therefore, the law presumes the purpose, and it is not error, any more than it would be to omit to state their number, to omit an averment of the purpose for which they are impaneled, when they can under the law be impaneled for no other purpose.
The whole case, then, is disposed of. We find no error in the record, and the judgment of the common pleas is affirmed, with costs.