## No. 5814.

## A. C. FOSTER *v.* THE STATE.

1. PLEADING—FORMER JEOPARDY—FORMER ACQUITTAL OR CONVICTION.—
The pleas of former jeopardy or former acquittal or conviction, to be
sufficient, should set out the indictment upon which the former trial was
had, and the judgment rendered. It appears, however, that the two
trials of this case were had in the same tribunal, and the rule is that
when such is the case it is not essential that the accused shall interpose
such pleas, inasmuch as the trial court will take judicial cognizance of
all prior proceedings in the case.

2. SAME—CASE STATED.—The offense charged in this case was an aggra-
vated assault and battery. It appears that the first trial resulted in a
conviction for simple assault, but it does not appear that the judgment
was entered upon said verdict. To the second trial in the same court,
the accused interposed the plea of former jeopardy and conviction—
omitting to set out the indictment or the judgment. The trial court (a
jury being waived) found that the first verdict acquitted defendant of
aggravated assault, but not of simple assault, and again adjudged de-
fendant guilty of simple assault. The record shows the former convic-
tion of the accused of simple assault, but it does not show whether or
not judgment was ever rendered on said conviction, nor does it show
whether or not the conviction was set aside without judgment. *Held:*
If judgment on the first conviction was rendered, and was never legally
set aside, or was set aside by the trial court of its own motion, then the
former conviction, though for the inferior offense, was a bar to this one.
On the contrary, if the judgment was rendered on the first conviction,
and the same was legally set aside, or arrested at the instance of the de-
fendant, then the first would not be a bar to the second conviction.
*Held*, further, that upon the whole case, because of uncertainty, the
conviction must be set aside, and a new trial awarded.

3. SIMPLE AND AGGRAVATED ASSAULT AND BATTERY.—Aggravated as-
sault and battery necessarily includes simple assault and battery. An
accused on trial for the former of these offenses can not be heard to
complain that, notwithstanding proof to sustain the offense charged,
he was convicted of the inferior degree.

APPEAL from the County Court of Haskell. Tried below be-
fore the Hon. C. J. Chapman, County Judge.

The conviction was for simple assault, and the penalty as-
sessed was a fine of twenty-five dollars.

The one witness who testified to any overt act of the defendant
stated that he saw Ruble Bowman, a child of six years of age,

driving a cow through a lane towards the defendant's house. Bowman and the cow were on the east side of the lane, and Una Foster, the defendant's child, was on the west side. Defendant was going up the lane a short distance behind them. Una Foster screamed, and defendant pursued and caught Ruble Bowman, bent him over his lap and spanked him with his open hand.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was indicted for an aggravated assault and battery, the circumstances alleged for aggravation being that he was an adult male and the party assaulted, a child.

Two trials were had in the county court. On the first, appellant was, by the verdict of the jury, found guilty of a simple assault, and was fined twenty-five dollars. Whether a judgment was entered upon this verdict or not is not shown. But the record shows that, when the case was called a second time for trial, defendant pleaded specially former jeopardy and former conviction. This second trial was had before the court, a jury having been waived, and, incorporated in the judgment, are set forth the conclusions of fact and law found by the judge, and the judgment again found defendant guilty of simple assault, and imposed again a fine of twenty-five dollars.

As to the special plea of former jeopardy and conviction, the court in his conclusions finds "that the first verdict acquitted defendant of aggravated assault, but not of simple assault, and that defendant was required (on the second trial we presume), to plead to simple assault." The special plea is inartistically drawn, and is substantially defective in failing to set out the indictment and judgment, and these defects would have been fatal had the trial been had in a different forum from that in which the former conviction was had. (Grisham v. The State, 19 Texas Ct. App. 504; Shubert v. The State, 21 Texas Ct. App., 551.) The two trials, however, being in the same tribunal and in the same case, it seems that really a special plea of former conviction was not required to be pleaded, because the court would take judicial cogizance of all previous proceedings which had been taken in the case (Robinson v. The State 21 Texas Ct. App., 160), and, ascertaining that defendant had already

once been tried and convicted, would abate a further prosecution because of such prior conviction.

In this case it is clear that defendant had been previously tried, and that a verdict of simple assault had been rendered against him. Whether judgment on the verdict was ever rendered, or whether such verdict was set aside without judgment, does not appear. Now, if judgment had been rendered and was not subsequently set aside on motion of defendant, or for good and sufficient cause, it is evident that the second trial, though for the lesser offense theretofore found, would be unwarranted and void, the former conviction being a bar to the second trial for any offense under the indictment. (Code Crim. Proc., art. 525.)

If the former verdict or judgment was set aside, or the judgment was arrested at the instance of defendant, then, indeed, such former conviction would not avail the defendant, and he would be legally liable to a second trial for the simple assault, the lesser offense previously found by the verdict of the jury. (Robinson v. The State, supra; Code Crim. Proc., art. 724.) But if the court, of its own motion, after the verdict had been returned, discharged the jury, set aside the verdict and refused to render the judgment, then the defendant's plea of former jeopardy would be proper and available, though the case was a misdemeanor. (Const., Bill of Rights, sec. 14; Brink v. The State, 18 Texas Ct. App., 344.)

Just how the matter stands with reference to either of the above propositions, we are unable to determine from the record before us. In such a state of uncertainty, we have deemed it but right to reverse and remand the case for further trial. Before doing so, however, it may be well to notice a question made by appellant's counsel, and which seems to be the main point relied upon for a reversal.

It is insisted that when an assault and battery is committed by an adult male upon a child, the offense is *per se*, under our statute, an aggravated assault, and that the accused, so charged and proven guilty, can not be legally proved guilty and punished for a simple assault. (Penal Code, art. 496, subdiv. 5.)

"The use of any unlawful violence upon the person of another, with intent to injure him, whatever be the means or degree of violence used, is an assault and battery" (Penal Code, art. 484), and unless accompanied by one or more of the statutory circumstances of aggravation, is a simple assault and battery. Such

simple assault and battery is necessarily included in every aggravated assault and battery; the former is but a lesser degree of the latter, where the latter is charged. (Penal Code, art. 494.) That a lesser degree is found than that charged by the indictment or information, or than that proven, has never been held ground either for a new trial or reversal. A defendant has no right to complain under such circumstances. (Code Crim. Proc., art. 724.)

For the errors we have previously pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*