## SUFFICIENCY OF PLEA IN BAR.

[Circuit Court of Lucas County.]

ED. HORNER v. THE STATE OF OHIO.

Decided, June 16, 1906.

*Criminal Law—Plea in Bar—Sufficiency of, a Question of Law—Defective Indictment—Variance—Section 7258.*

1. A plea in bar to a criminal charge does not present an issue solely for the jury; such a plea may be examined by the court as to its sufficiency, and if it be found that it is insufficient as a matter of law it may be so adjudged, and the jury discharged without prejudice to a further prosecution for the same offense.

2. A plea in bar which merely sets forth that the defendant has been previously put upon trial on an accusation of the same offense, and does not set forth the indictment on which he was tried, or even allege that it was a valid indictment, is insufficient in law and presents no issue for the jury.

3. Inasumch as it can not be said that a second indictment charges the same offense as a previous indictment under which the defendant was properly tried before a jury, the court in the second prosecution can not take judicial notice of what took place at the first trial.

4. A substantial variance is presented where an indictment charges the theft of property belonging to John W. E——, and a subsequent indictment charges the theft of property belonging to Joseph W. E——, and a conviction or acquittal under the first indictment is not a bar to prosecution under the second indictment.

WILDMAN, J.; PARKER, J., and HAYNES, J., concur.

In this case, plaintiff in error was indicted, tried and convicted, upon a charge of stealing money from one Joseph W. Emery. The indictment asserted the sum of money stolen to be $128 and the jury, by its verdict, found him guilty of stealing the sum of $100. The only claim of error is involved in the assertion of a former acquittal under a plea in bar by the defendant below and the action of the court thereon. The defendant filed the following plea in bar:

"The said Ed. Horner, in his own proper person, comes into court, and having heard the said indictment read, says that

the said state of Ohio ought not to further prosecute the said indictment against him, the said Ed. Horner, because, he says, that heretofore, to-wit, at a term of the court of common pleas, in and for the county of Lucas, in the state of Ohio, of the January Term of 1906 [which, I should say, was a term prior to the one in which the indictment upon which he was tried and convicted was found], the grand jurors of said county, duly impanneled and sworn, presented their indictment against him for the same offense as is charged in the present indictment; that said defendant was duly arraigned in said court, on said indictment and pleaded not guilty thereto. That in the April, 1906, term of court, said cause was set for trial, and thereupon a jury was duly impanneled and sworn, in said cause, in said court, and the state adduced all its evidence against said defendant and rested its case. And the court, thereupon, of its own motion, and without the consent of the defendant, and without finding a sufficient reason therefor, discharged said jury and remanded said defendant to jail. The larceny set forth in said indictment is the same larceny as that set forth in the present indictment and the offense in the former indictment is the same identical offense as that set forth in the present indictment. Defendant has therefore been acquitted of said charge. The said defendant, therefore, prays that he may be dismissed and discharged from the premises in the present indictment specified."

To this plea the state replied, saying, "there is no record of any acquittal of the said defendant for the offense charged in the indictment herein." There follows a general denial of each and every allegation of the defendant's plea.

In our code of criminal procedure the statute as to pleas in bar is embodied in Section 7258, which reads:

"The accused may then offer a plea in bar to the indictment, that he has before had judgment of acquittal, or has been convicted or pardoned for the same offense; to this plea the prosecuting attorney may reply that there is no record of such·acquittal or conviction, or that there has been no pardon; the issue thus made shall be tried to a jury, and on such trial the accused must produce the record of such conviction or acquittal, or the pardon, and prove that he is the same person charged in the record or mentioned in the pardon; and he shall be permitted to adduce such other evidence as may be necessary to establish the identity of the offense."

The plea in bar and the replication having been filed, a hearing was had, as stated in the journal of the court:

"This cause came on for hearing upon the plea in bar of the defendant, Ed. Horner, to the indictment herein and the replication of the prosecuting attorney thereto, and was argued by counsel and submitted to the court. And upon consideration thereof, the court doth find the said plea to be insufficient, and the allegations thereof not shown to be true, and doth overrule the same; to which action of the court the defendant, by his counsel, then and there excepted. And thereupon the said defendant, being present in court with his attorney, waived the reading of the indictment against him and pleaded not guilty to the said indictment. Thereupon a jury was impanneled and sworn, a stenographer was ordered to report the evidence herein, at the request of both sides, and the trial began."

And the entry further recites the fact of the trial and the rendition of a verdict.

At first blush it might appear that the issue presented by the plea in bar was one solely for the jury, and that no statutory power was given to the court to pass upon the sufficiency of the plea. But while no provision is found in the criminal code for either demurrer to the plea or any other method of obtaining the judgment of the court upon its sufficiency, it is distinctly held, in the case of *Hurley* v. *State*, 6 Ohio Reports, 399, that a court did not err in sustaining a demurrer to a special plea in bar in a criminal case, where the court deemed the plea insufficient, and where it was in fact so. And in the case of *Gormlcy* v. *State*, 37 O. S., 120, it was held:

"A plea of former conviction, which is insufficient in matter of substance, does not raise an issue for a jury, but may be adjudged insufficient on demurrer."

It is the policy of the law to take cognizance of the defects in an indictment, whether a demurrer is filed thereto or not, if those defects are such as to render the indictment insufficient, as not charging a crime. Of course, as to mere matters of indefiniteness, where the statute provides that to fail to file certain motions, a defendant shall be deemed to have waived his rights, the court could not, on the trial of the case, stop the introduction of evidence, or instruct the jury to find a verdict for the defendant, because of such defective indictment. It is analogous to the conditions that arise under the code of civil procedure.

Questions as to jurisdiction of the subject-matter and the sufficiency of the facts to constitute a cause of action may be raised at any stage of the trial, or even in arrest of judgment; whereas, matters of mere form can not so be presented, but they must be called to the attention of the court in due season. If this plea in bar was insufficient, and if the court could so have adjudged it on demurrer, we have no doubt that the court would be equally justified, if the question were submitted to the court as to the sufficiency of the pleadings, in determining it without a demurrer; that is, in examining it to ascertain whether there was any proper issue to. go to the jury.

Examining this plea in bar, we find that it alleges that the defendant had been put upon trial at a former action upon an accusation of the same offense. But it is not alleged that the charge was made in proper terms of law so that a conviction could have been had. The plea says that an indictment was found; it does not say that it was a valid indictment—that it was sufficient in its terms as charging an offense properly, nor does it embody the indictment in the plea so as to apprise the court of its terms. The plea further says that the court discharged the jury without sufficient cause, but what the cause was is not stated. Now, to hold that it was the duty of the court to send such issues as these to a jury, would be to require the court to instruct the jury to pass upon the sufficiency of the court's action and upon the validity of the former indictment. As to the identifying of the offense, a question of fact might be presented; but the sufficiency of the indictment, or its insufficiency, would be a question of law, to be determined by the court, and the sufficiency, or insufficiency, of the court's reason for discharging the jury, after it had been impanneled and sworn would be a question of law, to be addressed to the court, rather than to the jury.

Now, in order that the court might be apprised of the exact condition of the former record, the plea in bar should be so explicit that the court could pass upon the matter. Possibly in this case everything was shown to the court to enable the court to do it when the plea in bar and the reply thereto were submitted to the court for its action; there is no bill of exceptions

to show what was shown to the court. There is nothing to show of what the court took cognizance in passing upon the sufficiency of the plea. The court either had the former record or the court did not have it at the time when the court adjudged the plea in bar to be insufficient. Assuming, for a moment, that it was not produced—as it does not appear in the plea—we must examine some of the authorities to determine whether it was requisite that it should be shown to the court.

. In the case of *Foster* v. *State*, 39 Alabama, 229, it was held:

"In a plea of former conviction or acquittal, it is necessary to set out the record, or at least the indictment." * * *

In the case of *Smith* v. *State*, 52 Alabama, 407, it was held:

"A plea of former acquittal interposed as to one offense, based on an acquittal on a trial for another charge, must set forth among other things, the indictment on which such trial was had." * * *

In the case of *Evans* v. *State*, 54 Arkansas, 227 (15 Southwestern Rep., 360), the court held:

"A plea of former conviction is insufficient which does not verify the alleged conviction by the record, nor allege that it was for the same offense the second prosecution was intended to punish."

The plea here does allege that it was for the same offense, but it does not verify the statement by any production of the record.

In the case of *Washington* v. *State*, 35 Tex. Crim. App., 156, (32 S. W. Rep., 694), it appears that:

"Appellant was convicted of assault with intent to murder, and given two years' confinement in the penitentiary, from which conviction he prosecutes this appeal. It appears from the record that appellant shot at one Edwards, missed him and killed one Black. Appellant was tried and convicted of the murder of Black. He was then placed on trial under this indictment for an assault with intent to kill and murder Edwards. He attempted to plead in bar of this prosecution the judgment of conviction for the murder of Black.

"If the plea had been in proper form, containing what the law requires, it would have been a good plea in bar to the prosecution for this assault to murder, because everything that was done by the defendant, all of the unlawful intents and pur-

poses which went to make up a case of assault to murder, were utilize<sup>2</sup> in the murder case. The state excepted to the sufficiency of the plea, and the court sustained the exception. It is well settled that a plea of former conviction or acquittal must contain the indictment, the verdict of the jury, and the judgment of the court. This record does not contain the indictment, nor the conviction and judgment, and there was no error in sustaining the demurrer to the plea."

And the court add, a little lower:

"This record, as above stated, does not contain in any part thereof the indictment nor the judgment in the murder case, and we can not determine from this record whether the conviction was had upon a valid indictment, or whether judgment was even rendered upon that conviction."

In further support of this position reference should be made to the citation of counsel for the state: 1st Bishop New Criminal Procedure, Sections 809 and 810, Subdivision 2, page 474; and also Bishop's Directions and Forms, Section 1043, page 593. "How is a record fact to be alleged?" Section 93, page 43.

It is said by counsel that Laning's Form Book has a form of plea in bar like the one in the present case. We have not had access to that. It is proper to note that these forms should be taken in both of these works for just what they are worth, as the opinions of compilers or book-makers; but, after all, they must be based upon correct principles and be properly supported by authority, to justify their use as authority to the court.

Our judgment is that this plea in bar should have contained the indictment; but whether it should have contained also a copy of the journal, to show the action of the court on a former trial in discharging the jury from a further consideration of the case; whether that journal would have disclosed a sufficient reason therefor, it is unnecessary for us at present to consider. It is enough to say that the plea in bar should have set forth the indictment upon which the former partial trial was had.

There is a case in Massachusetts (*Commonwealth* v. *Bosworth*, 113 Mass., 200), which, at first glance, would seem to run counter to the decisions to which I have made reference. The holding, as disclosed by the syllabus, is:

"When an inferior court has jurisdiction of an offense upon property, if the value of the property does not exceed a specified sum, a plea of a former acquittal of such offense in the inferior court is a good bar to an indictment for it in a superior court, although the value of the property is alleged in the indictment to be a sum exceeding the jurisdiction of the inferior court."

It seems from an examination of the case that the indictment or the complaint was not embodied in the plea in bar in the second case; but a further examination, and a more critical one, shows also that a plea in bar, in Massachusetts, without containing the indictment, is sufficient by reason of the statutory form of the plea in bar in that state provided. Judge Gray says, page 468:

"The defendant's plea in bar of a former acquittal before the Municipal Court of Taunton, of the same offense for which he now stands indicted in the superior court, is in the form prescribed by St. 164, c. 250, Section 4, and is therefore sufficient in form, without more fully setting out the record of that acquittal or the facts relied on to prove the identity of the former offense against him."

It might be urged, with an apparent slight show of authority, that the court should take judicial cognizance upon the latter trial of what previously took place under an accusation of the same character and which the plea in fact has alleged to be for the same offense, although upon an indictment rendered at a former term. There is a case in Texas (*Foster* v. *State*, 25 Tex. App., 543 [8 S. W. Reports, 664]), in which it was held:

"Although a plea of former jeopardy and former conviction omits to set out the indictment and judgment referred to, and would therefore be fatally defective if both trials had been in different courts, such defect will not bar the defense of jeopardy and former conviction when both trials were in the same court, since the court takes judicial cognizance of previous proceedings in the case."

An examination, however, of the cases cited shows that the two trials were both upon the same indictment, so that the record of all the legal proceedings with reference to the indictment would apprise the court fully of all that had taken place upon the first trial. I will not stop to read from the case any further than I have done.

We think that where a defendant has been tried before one jury, upon one indictment, is again indicted and is tried upon the second indictment, it can not be said to be the same case; nor can the court in the second prosecution take judicial cognizance of the proceedings in the first.

It is claimed that the statute of Ohio relieves the defendant from inserting in his plea in bar the indictment, or any portion of the record under which the former conviction or acquittal occurred. The statute, Section 7258, says:

"The accused may then offer a plea in bar to the indictment, that he has before had judgment of acquittal, or has been convicted or pardoned, for the same offense."

But we are not of opinion that in the use of this general phraseology the Legislature contemplated the omission of the ordinary requirements of a plea in bar. It was simply placing in the statute a provision as to a plea already recognized in criminal law, merely providing that one accused may properly set up a former acquittal, or a former conviction, in bar of a prosecution for the same offense. There is no attempt apparent in the section to define what shall be the proper form of such plea. We have found in *Gormley* v. *State,* 37 O. S., 120, and *Harley* v. *State,* 6 O., 399, the two cases to which I have made reference, that it was the duty of the court to pass upon the legal sufficiency of the plea in bar. The court in this case did so, and announced its decision, and thereupon, it is said, overruled the plea. The defendant then entered a plea of not guilty, and the jury being impanneled, the case proceeded to trial, and a conviction was had, as heretofore stated.

Now, if counsel are correct in their contention, that this plea in bar, and the reply thereto, presented an issue for a jury, an that it was the duty of the court to send the whole matter to the jury to determine the issues of law as well as the issues of fact, a question might still be urged as to whether some further duty did not devolve upon the defendant in order to preserve his rights under the plea. In Section 7258, to which I have already referred, in the latter part of the section, it is provided:

"The issue thus made shall be tried to a jury, and on such trial the accused must produce the record of such convic-

tion or acquittal, or the pardon, and prove that he is the same person charged in the record, or mentioned in the pardon; and he shall be permitted to adduce such other evidence as may be necessary to establish the identity of the offense.''

We have here no bill of exceptions showing what evidence was offered to that jury which was impanneled and sworn. There is no statement in the record that the jury was impanneled and sworn simply to try the defendant upon the issue as to whether he was or was not guilty as charged in the indictment, and our judgment is that even if it was the duty of the court—which we do not find—to send any matter concerning the former trial to the jury for its consideration, after the court had considered the plea to be insufficient, under those circumstances we think that in order to further preserve his rights the defendant should have followed the requirements of this section of the statute and produced the record of the former claimed acquittal and should have offered proof that he was the same person charged in the record; and then he might have introduced such other evidence as would have been proper, in order to establish the identity of the offense, all this being denied by the reply.

It is said in the petition in error that ''Said court erred in not submitting the issues joined on said plea in bar and replication of defendant in error to a jury.'' We find no request that the court should do so, and no exception to the court's not doing it. Presumably, if it was a proper issue to go to the jury, the court, if the request had been made, would have granted the request and have submitted the issue to a jury. All the presumptions are in favor of the correctness of the rulings of the court below, and in the absence of any showing of what was done by counsel or by the court, further than is disclosed by the journal entry before us, we are unable to say that the court did not have sufficient ground for the action which was taken in holding, in the first place, that the plea was insufficient, and in the second place, in submitting the case generally to a jury for its consideration. No instruction was requested from the court that the jury should find first as to whether or not the claims made in the plea in bar were true. There is nothing expressed in this statute that the same jury may not try both issues—it

may or may not.   It is not necessary, in our view of the case, to
enter upon an inquiry as to the legal scope of the jury's duty.
But, as I have already said, there is nothing in the record or
the statute to show that this jury was charged with the sole
duty of determining the guilt or innocence of the defendant.

We might go still further and examine the record which has
been handed up, and consider the statements of counsel upon
both sides as to what took place upon the former trial.   We do
not think that the record of the former trial has any proper
place here, but the plaintiff in error has seen fit to submit it for
our consideration, and under those circumstances  we have ex-
amined it.    We have listened to the statements of counsel,
that the first indictment charged the stealing of money of one
John W. Emery, instead of that of Joseph W. Emery, as in the
second indictment.   The written record does not fully apprise
us as to whether it was a mere mistake as to the name of a per-
son who was really sought to be described as the owner of the
money stolen, or whether it was a mistake in charging the wrong
person as the owner, but we are informed by counsel that there
were, in fact, two men—one named John W., and the other
Joseph W., and that in the first indictment the charge was
really of stealing the property of John, while in the second in-
dictment it was for the stealing of the property of another man
—Joseph.   Now, if all that be so, we think that an acquittal or
conviction upon the charge for the stealing of the property of
one would not be a bar to a subsequent prosecution for the steal-
ing of the property of the other.    It would require different
proof; it would require different evidence as to ownership; and,
having these views, we think the judge upon the first trial was
justified in taking the action which he did when it was dis-
covered that the ownership was not in the person who had been
named in the indictment as the owner.   We think that a proper
case arose for the application of Section 7303 of the Revised
Statutes:

"If it would appear at any time before verdict that a mistake
has been made in charging the proper offense in the indictment,
the jury may be discharged without prejudice to the prosecution,
and the accused, if there is good cause to detain him, may be
recognized to appear at the next term of the court, or, in default

thereof, committed to jail; and in such case the court may recognize the witnesses for the state to appear at the same time and testify.''

The case in 42 O. S., 383 (*Mitchell* v. *State*), we think, does not apply to this case, because there a conviction of the offense of an assault could have been shown by evidence adduced on either trial, or under either indictment. It was not so here. The finding of a person guilty under one indictment would not be equivalent to finding him guilty under the other, unless the variance was a more immaterial one—one not tending to the prejudice of the defendant—a variance as to names but not as to persons. The court, on the former trial, found that it did tend to prejudice the defendant. The defendant was urging the mistake in the indictment as a ground for his discharge, and the court would not have been justified in discharging the jury on the former trial if it were an immaterial variance and one that did not tend to his prejudice. The court must have found that it was a material variance, and, so finding, deemed it a case for the application of this statute. There was an attempt to charge a proper offense but there was a mistake in charging it, because it was charged to be committed against another person than the real owner of the money. Ownership was a material fact in the indictment. Under such circumstances the statute should be applied in order to prevent a failure of justice. If the contention of counsel is correct, that the jury, instead of being discharged, should have been instructed to acquit, then on the assertion of such a mistake as this, there would be no possibility of convicting a man for a proper offense.

We think, in view of all the circumstances of the case, and all the considerations urged by counsel, in argument, that it can not justly be said that this defendant has been twice placed in jeopardy for the same offense.

Having fully considered the questions presented and naturally arising in the case, our conclusion is that the judgment of the court below should be, and it therefore is, affirmed.

*J. P. Crawford,* for plaintiff in error.

*L. W. Wachenheimer,* Prosecuting Attorney, for defendant in error.