IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                     PD-91-04



 

 

                                             CHARLES RAY IRVING, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                         ON
STATE=S
PETITION FOR DISCRETIONARY REVIEW

                                       FROM
THE NINTH COURT OF APPEALS

                                                            ORANGE COUNTY



 

Meyers,
J., delivered the opinion of the Court, in which Price, Womack, Johnson,
and Cochran, JJ., joined.  Keller, P.J., and Keasler, Hervey, and
Holcomb, JJ., concurred in the judgment. 

 

                                                                  O
P I N I O N 

 

We withdraw our opinion of April 27,
2005 and substitute the following opinion.  Appellant=s motion for rehearing is overruled.

Appellant Charles Ray Irving was
convicted of the offense of aggravated assault. 








On appeal, Appellant argued that the trial court erred in
failing to instruct the jury on the lesser-included offense of simple assault. 
The Ninth Court of Appeals held that Appellant was entitled to an instruction
on the lesser-included offense and reversed and remanded the case to the trial
court.  We will reverse.                   

I. Facts

The evidence presented at trial
showed that Appellant had known the victim, Phyllis Chargois, for almost 20
years, and that they had previously lived together, although they were not
living together at the time of the offense.  Chargois testified that Appellant
followed her from work on August 3, 2000, to a bar, and then to her sister=s house in Louisiana.  Chargois said
she drove home the next morning, at which time she found Appellant inside her
home.  Chargois testified that Appellant was holding a bat, told her not to run
and that it was Aher day to die,@ and then struck her several times
with the bat.  Chargois suffered injuries including a broken ankle, leg, and
arm.  She also testified she fell against a glass shelf with Appellant during
the attack and broke the glass, cutting herself.  According to testimony at
trial, Appellant then went to get a towel for Chargois to stop the bleeding,
and Chargois crawled out her front door for help.  A neighbor across the street
testified that he saw Chargois being held by Appellant, and that it looked as
if Appellant was Afixing to twist her head off.@  The neighbor then told Appellant to
drop Chargois, and then helped Chargois to his house where he called the
police.








Appellant testified to a different
version of events at trial.  He denied following Chargois as she left her job,
and claimed that he went to her home only because he was supposed to meet her
there to retrieve some of his personal belongings.  He testified that when he
encountered Chargois in her home, she began cursing at him, and he picked up a
bat, but he then claimed he threw the bat down and denied ever striking
Chargois with it.  He did acknowledge that he struggled physically with
Chargois, and that they fell into the glass shelves in the process, but said
that he did not attack nor seriously injure her.  He then testified that when
he went to get her a towel for the cut on her head resulting from the fall into
the glass shelves, she went out the door.  He said he saw her laying on the
walkway outside the door, and that he assumed her injuries came from a fall on
the walkway.  

Dr. Wesley Palmer was the physician
who treated Chargois at the hospital.  He testified that Chargois suffered
broken bones in her arm and leg, injuries to her hip and thigh, and a head
laceration.  According to Dr. Palmer=s testimony, the extent of the
injuries was such that Chargois had to have pins inserted into the bones in her
arm.  He testified that, in his opinion, Chargois suffered Aserious bodily injury@ according to the legal definition. 
Dr. Palmer stated that Chargois told him that her ex-boyfriend hit her with a
bat.  He also said Chargois= injuries were consistent with being struck with a bat, and
testified that, while it was possible the injuries could have been caused by a
fall to the floor, the extent and number of injuries would have required
multiple falls.  

II. Appellate Decision and Grounds
for Review








The court of appeals reversed
Appellant=s conviction and remanded for a new trial.[1] 
The court considered whether or not Appellant was entitled to the requested
jury instruction on the lesser-included offense of simple assault and concluded
that simple assault is necessarily a lesser-included offense of aggravated
assault, and has long been recognized as such.[2] 
The court then held that Appellant was entitled to the lesser-included offense
instruction of simple assault because there was Aevidence, which if believed by the
trier of fact, would constitute evidence of simple assault.@[3]  Thus, the court of appeals held
that the trial court erred by failing to include the instruction for the
lesser-included offense of simple assault.[4]                        

This Court granted review on two
grounds: First, did the court of appeals err in holding that the trial court
erred in failing to instruct the jury on the lesser offense of assault? And
second, must a trial court instruct a jury on a lesser offense where the
conduct establishing the lesser offense is not Aincluded@ within the conduct charged?

I. Law








We first address the question posed
in the second ground for review stated above. A defendant is entitled to a
lesser-included offense instruction in the jury charge if (1) the requested
charge is a lesser-included offense of the offense charged, and (2) there is
some evidence that if the defendant is guilty, he is guilty only of the lesser
offense.[5]  To determine
if an offense is a lesser-included-offense, we look to Texas Code of Criminal
Procedure Art. 37.09, which states in relevant part:

An
offense is a lesser included offense if:

(1)
it is established by proof of the same or less than all the facts 

required
to establish the commission of the offense charged;

(emphasis
added)

 

We now look to the indictment to determine what offense was
charged, and whether Appellant=s request for a jury instruction on simple assault was
properly denied.

II. Analysis








The court of appeals held that simple
assault[6] is
necessarily a lesser-included offense of aggravated assault,[7]
citing a Court of Criminal Appeals case from 1888.[8] 
What the court fails to consider, however, is that while simple assault may be
a lesser-included offense of aggravated assault in some cases, here, Appellant
is asking for a lesser-included offense instruction based on facts not required
to establish the commission of the offense charged.  In other words, the
conduct constituting the lesser-included offense for which Appellant requested
an instruction is different from the conduct which was alleged in the charging
instrument for Appellant=s aggravated - assault charge.  The indictment for the
aggravated assault alleged that Appellant committed aggravated assault against
the victim by two separate theories, namely, that Appellant attacked the victim
with a deadly weapon, to wit, a baseball bat, and that Appellant caused the
victim serious bodily injury by hitting her with the bat.[9] 
Here, Appellant is asking for an instruction for the offense of simple assault
stemming from the conduct of grabbing the victim and eventually falling on top
of her, and not hitting the victim with a baseball bat.








Because the conduct constituting the
offense of assault for which the Appellant wanted an instruction is not the
same as the conduct charged in the indictment for aggravated assault, assault
by means of grabbing the victim and eventually falling on top of her is not a
lesser- included offense of aggravated assault by striking the victim with a
bat.[10]  This
offense fails to meet the requirements of Texas Code of Criminal Procedure Art.
37.09 because the same facts or less than the same facts required to prove the
greater aggravated assault offense are not required to prove the assault
offense.[11]  Proof that
Appellant grabbed and fell on top of the victim is not required to prove
aggravated assault by hitting the victim with a bat.  Assault by grabbing and
falling on someone may be a lesser-included offense of aggravated assault in
some instances, but not as the greater offense was charged in the indictment in
this case.[12]

Thus, as to the second ground for
review, we re-affirm our decision in Hayward.  A trial court is not
required to instruct a jury on a lesser included offense where the conduct
establishing the lesser offense is not Aincluded@ within the conduct charged; i.e.
within the facts required to prove the charged offense.  








In answer to the question posed in
the first ground for review, we hold that the court of appeals erred by holding
that the trial court erred in failing to give the jury the lesser-included
offense instruction for assault.  For the reasons stated above, Appellant was
not entitled to a lesser-included offense instruction.  The trial court did not
err in failing to instruct the jury.  The decision of the court of appeals is
reversed, and we affirm the trial court=s holding and Appellant=s conviction.

Meyers, J.

Delivered: November 9, 2005

Publish

 









[1]Charles
Ray Irving v. State, No. 09-02-476-CR, 2003 Tex. App. LEXIS 9942 (Beaumont
Nov. 19, 2003, pet. granted)(not designated for publication).





[2]Id.
at 6.





[3]Id.
at 8.





[4]Id.
at 9.





[5]Hayward
v. State, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005);  Jacob v. State,
892 S.W.2d 905, 907 (Tex. Crim. App. 1995). 





[6]Assault
is defined in Texas Penal Code '22.01
as follows: A(a) A
person commits an offense of the person: (1) intentionally, knowingly, or
recklessly causes bodily injury to another, including the person=s spouse; (2) intentionally
or knowingly threatens another with imminent bodily injury, including the
person=s spouse; or
(3) intentionally or knowingly causes physical contact with another when the
person knows or should reasonably believe that the other will regard the
contact as offensive or provocative.@





[7]Texas
Penal Code '22.02
defines aggravated assault as follows: A(a)
A person commits an offense if the person commits assault as defined in Section
22.01 and the person: (1) causes serious bodily injury to another, including
the person=s spouse;
or (2) uses or exhibits a deadly weapon during the commission of the assault.





[8]Charles
Ray Irving v. State, No. 09-02-476-CR, 2003 Tex. App. LEXIS 9942 (Beaumont
Nov. 19, 2003, pet. granted)(not designated for publication)(citing Foster
v. State, 25 Tex. Ct. App. 543, 543, 8 S.W. 664, 665 (1888)).





[9]The
indictment in the trial court read specifically that Appellant: 

did then and there intentionally
and knowingly use a deadly weapon, 

to wit: a bat, that in the manner
of its use and intended use was capable 

of causing death and serious
bodily injury, and did then and there

intentionally and knowingly cause
bodily injury to Phyllis Chargois 

by hitting the said Phyllis
Chargois on the head and body with the said 

bat. 

The second count of the indictment alleged that Appellant: 

did then and there intentionally
and knowingly cause serious bodily 

injury to Phyllis Chargois by
hitting her on the head and body with a bat.

 





[10]Hayward
v. State,158 S.W.3d at 479-80.





[11]Jacob
v. State, 892 S.W.2d at 908 (citing Bartholemew v. State, 871 S.W.2d
210  (Tex. Crim. App. 1994)).  The court in Bartholemew reasoned that in
a case where the indictment charged reckless driving and alleged the acts
showing recklessness as speeding and racing, speeding and racing would be
lesser-included-offenses of reckless driving.  However, if the indictment had
alleged the acts showing reckless driving as Adriving
in circles@ or Adoing donuts@ in the street, speeding
and racing would not be lesser-included-offenses because they would not be
required to establish the charged offense. 





[12]Hayward
v. State, 158 S.W.3d at 479.