Shantee D. HAYWARD, Appellant,

v.

The STATE of Texas.

No. PD–2081–03.

Court of Criminal Appeals of Texas.

March 2, 2005.

---

Jerome Godinich, Jr., Houston, for Appellant.

Donald W. Rogers, Jr., Asst. District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court, in which MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

The State charged the appellant with committing murder by stabbing the victim. The appellant requested a lesser-included offense instruction for assault because she said in a statement that she had only hit the victim with her fists and wrestled with him. We hold that the trial court did not err in denying the appellant's request because an assault using fists is not a lesser-included offense of murder by stabbing.

### I. Facts

Jonas Onwuchuruba, the appellant's ex-husband, was found stabbed to death in his home. The appellant's car fit the description of the car that a witness saw speeding away from the scene of the killing. The police arrested the appellant on a parole violation and questioned her about the stabbing.

At first, the appellant claimed that she did not know of the victim's whereabouts or when she had seen him last. Later, she admitted that she, her boyfriend, and a man known to her as Chop[1] had been at

---

1. The evidence at trial indicated that the police were unable to locate anyone known as

his home on the day that he was killed. When the victim refused to give the appellant money for drugs, she wrestled with him and hit him with her fists. The appellant's boyfriend also wrestled with him. The appellant said that, when the victim got away from them, Chop attacked him with a knife. According to the appellant, she and her boyfriend left the scene while Chop was still stabbing the victim.

The State indicted the appellant for the murder. At the end of the guilt phase of the trial, the appellant requested that a lesser-included offense instruction for assault be included in the jury charge.[2] The trial court denied the request.

On direct appeal, the appellant complained that the trial court erred in failing to give the lesser-included offense instruction for assault. The Court of Appeals reversed the conviction, holding that assault is a lesser-included offense of murder under Code of Criminal Procedure Article 37.09 and that the record contained evidence that, if the appellant was guilty, she was guilty only of assault.[3] We granted the State's petition for discretionary review.

## II. The Law

■ Upon request, a lesser-included offense instruction should be included in the jury charge if (1) the requested charge is for a lesser-included offense of the charged offense and (2) there is some evidence

that, if the defendant is guilty, she is guilty only of the lesser offense.[4]

Lesser-included offenses, in this context, are defined in Code of Criminal Procedure Article 37.09. That provision defines lesser-included offenses in terms of the offense charged.

(1) it is established by proof of the same or less than all the facts required to establish the commission of the *offense charged;*

(2) it differs from the *offense charged* only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the *offense charged* only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the *offense charged* or an otherwise included offense.[5]

■ When we review a trial court's decision to deny the request, we consider the charged offense, the statutory elements of the lesser offense, and the evidence actually presented at trial.[6] More specifically, we examine the statutory elements of the charged offense as modified by the indictment.[7] Next, we examine the elements of the offense claimed to be a lesser-included offense to see if the elements are functionally the same as or less than those required to prove the charged offense.[8] Then we examine the evidence

---

Chop.

**2.** The appellant also requested lesser-included offense instructions for manslaughter, negligent homicide, and deadly conduct. On appeal, the appellant did not complain about the denial of these requests.

**3.** *Hayward v. State,* 117 S.W.3d 5, 14 (Tex. App.-Houston [14th Dist.] 2003).

**4.** *Jacob v. State,* 892 S.W.2d 905, 907 (Tex. Crim.App.1995).

**5.** Tex.Code Crim. Proc. Art. 37.09 (emphasis added).

**6.** *Jacob,* 892 S.W.2d at 907–08.

**7.** *Id.,* at 908.

**8.** *Ibid.*

actually presented to prove the elements of the charged offense to see if that proof also shows the lesser-included offense.[9]

■ In *Campbell v. State*, we elaborated and explained that double-jeopardy principles are applicable in the context of a lesser-included offense analysis.[10] The critical elements of the charging instrument, including time, place, identity, and manner and means, are relevant to the inquiry of whether one offense includes another for double jeopardy purposes and for purposes of lesser-included offense instructions.[11]

### III. Analysis

In this case, the appellant was charged with murder.[12] The relevant part of the statute requires that the State prove that a person intended to cause serious bodily injury and committed an act that was clearly dangerous to human life and caused the death of the victim.[13] The indictment alleged that the appellant intentionally caused serious bodily injury and caused the death of the victim by stabbing him with a knife or a piece of glass.[14]

A person commits an assault if she intentionally, knowingly, or recklessly (1) causes bodily injury to another, (2) threatens another with imminent bodily injury, or (3) causes physical contact with another when the person knows or should reason-ably believe that the other will regard the contact as offensive or provocative.[15] Subsection (1) applies to this case: The appellant alleged that she wrestled with the victim and hit him with her fists causing bodily injury.

■ It is possible, under the right set of circumstances, for the statutory elements of assault to be included within a murder because the two offenses could have the same culpable mental state and bodily injury can be a subset of serious bodily injury. But this is not such a case. The State alleged that the appellant stabbed the victim with a knife or a piece of glass. The appellant claimed that she wrestled with the victim and hit him with her fists. Hitting with fists could be a lesser-included offense of murder, but not as the murder was charged in this case.

The appellant argues that, because there are many similarities between the offense charged and the lesser-included offense that she claims to have committed, she was entitled to the lesser-included offense instruction. She says that the time, place, and alleged actor are the same. She argues that the manner and means is only one of several factors to be considered. Specifically she says that, "simply because the appellant's hand is empty one moment and might have contained a knife the next

---

9.  *Ibid.*

10. *Campbell v. State,* 149 S.W.3d 149, 155 (Tex.Crim.App.2004).

11. *Ibid.*

12. Tex. Pen.Code § 19.02(b).

13. Tex. Pen.Code § 19.02(b)(2).

14. The indictment specifically charged that the appellant did
    unlawfully intend to cause serious bodily injury to [the complainant] and did cause the death of the Complainant by intentionally and knowingly committing an act clearly dangerous to human life, namely by stabbing the Complainant with a deadly weapon, namely a knife.
    [and appellant] did ... unlawfully intend to cause serious bodily injury to [the complainant] and did cause the death of the Complainant by intentionally and knowingly committing an act clearly dangerous to human life, namely by stabbing the Complainant with a deadly weapon, namely a piece of glass.

15. Tex. Pen.Code § 22.01(a).

does not make the two offenses completely separate offenses."

The evidence at trial showed that the victim had been stabbed over fifty times with either a knife or a piece of glass. The appellant claimed that she caused bodily injury to the victim by wrestling with him and hitting him with her fists, and thus, was guilty only of assault. But, in her statement admitted during the trial, she did not say that she had held or used a knife at any point during the attack. She claimed to have hit the victim with her fists.

In this case, the main issue was identity. The State claimed that the appellant stabbed the victim with a knife or a piece of glass. The appellant claimed that a man known to her as Chop stabbed the victim with a knife. Whether the appellant assaulted the victim with her fists on this or some other occasion was not an issue that was included in the indictment. In other words, under this indictment, the State could not have secured a valid conviction for the assault that the appellant alleges she committed.

Because the conduct that the appellant alleged was not included within the conduct charged in the indictment, the trial court did not err in failing to give the lesser-included offense instruction. We reverse the Court of Appeals's judgment and remand the case to that Court to address the appellant's other points of error.

KELLER, P.J., concurred in the result.