Affirmed and Memorandum Opinion filed January 17, 2006









Affirmed and Memorandum Opinion filed January 17, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00174-CR

_______________

 

ROBERT LEE YOUNGBLOOD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 960,408

_________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Robert
Lee Youngblood appeals a conviction for aggravated assault of a family member[1]
on the ground that the trial court erred by failing to instruct the jury on the
lesser-included offense of terroristic threat. 
We affirm.








A
defendant is entitled to an instruction on a lesser‑included offense if:
(1) the statutory elements of the lesser‑included offense are within the
proof necessary to establish the statutory elements of the charged offense as modified
by the indictment; and (2) there is some evidence that would permit a rational
jury to acquit the defendant of the greater, charged offense, while convicting
him of the lesser-included offense.  See
Sorto v. State, 173 S.W.3d 469, 475-76 (Tex. Crim. App. 2005); Hayward
v. State, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005).

To
establish the first prong, appellant=s brief states only:

To prove aggravated
assault under Texas Penal Code ' 22.02, as it applied to this case, the state had to
show that the appellant intentionally and knowingly threatened the complainant
with imminent bodily injury and used or exhibited a deadly weapon while doing
so.  To prove terroristic threat under
Texas Penal Code ' 22.07, the state had to prove that the appellant
threatened to commit an offense of violence with the intent to place a person
in fear of imminent serious bodily injury.

 

However,
appellant=s brief gives no explanation of how
the offense of terroristic threat: (1) is established by proof of the same or
less than all the facts required to establish the commission of the aggravated
assault in this case; (2) differs from that of aggravated assault only in the
respect that a less serious injury or risk of injury to the same person
suffices to establish its commission; (3) differs from that of aggravated
assault only in the respect that a less culpable mental state suffices to
establish its commission; or (4) consists of an attempt to commit the
aggravated assault or an otherwise included offense.  See Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).  Therefore, appellant=s issue fails to demonstrate that
terroristic threat was a lesser-included offense of the aggravated assault
charged in this case.

Similarly,
to establish the second prong, appellant=s brief states only:

The testimony of both
of the complainant=s grandchildren was that they did not see the
appellant actually point the gun at the complainant.  The granddaughter testified that the
appellant merely waived the gun at the ceiling as he approached the complainant
and the grandson testified that the appellant left after pointing the gun at
the grandfather.  This was sufficient
evidence to raise the issue of whether the appellant was guilty of only
terroristic threat as to the complainant in this case.

 








Appellant=s brief thus wholly fails to explain
how the evidence could have proved the elements of terroristic threat without
also proving the elements of aggravated assault, such that a rational jury
could have convicted him of the former, while acquitting him of the
latter.  Because appellant=s sole issue does not establish
either of the prongs necessary to being entitled to a lesser-included offense
charge, it is overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed January 17, 2006.

Panel consists of
Justices Fowler, Edelman and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and assessed punishment at life imprisonment.