Opinion issued October 12, 2006 
 




 





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01009-CR




THOMAS WADE BUCK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1006848

     

MEMORANDUM OPINION

          A jury convicted appellant, Thomas Wade Buck, of aggravated assault with a
deadly weapon, namely, a broken bottle. Having found true an enhancement
paragraph alleging that appellant had a prior conviction for aggravated assault, the
jury assessed punishment at life in prison and a fine of $10,000. See TEX. PEN. CODE
ANN. § 22.02 (Vernon Supp. 2005). We determine (1) whether the evidence was
factually sufficient because it was primarily derived from the testimony of the
complainant, an unreliable witness, and (2) whether the trial court erred by refusing
appellant’s request to include in the jury charge the lesser-included offense of assault
by striking the complainant with a fist, pulling the complainant’s hair, or dragging the
complainant from a car. We affirm. 
Background
          On November 9, 2004, beginning around 10:00 a.m., the complainant, Heather
Fleming, and appellant were drinking at appellant’s apartment in Baytown. The
complainant lived in the same apartment complex as appellant. The two arranged to
ride with Craig Castilaw to Louisiana in his vehicle. Later that evening, the three left
for Louisiana. Appellant brought beer in the car with them, and during the trip, they
stopped and purchased more beer in Beaumont. While in the car, appellant became
increasingly intoxicated and agitated. Appellant and the complainant began arguing
about a cell phone call, and the argument escalated from yelling to physical wrestling. 
Appellant put out cigarette butts on the complainant and hit her in the back of the
head and face.
 
          When the complainant and appellant began swinging at each other, Castilaw
turned around and began driving back to Baytown. Appellant threatened Castilaw not
to stop driving and not to pull the car over. Appellant threatened the complainant not
to call the police for help and threatened to kill her. 
          They arrived at the complainant’s and appellant’s apartment complex in
Baytown around 2:00 a.m. on November 10, 2004. Appellant got out of the car and
broke a beer bottle. Castilaw witnessed appellant drag the complainant out of the car
by her hair. The complainant was struggling and yelling. After Castilaw saw
appellant hit the complainant with the bottle, he left to call 9-1-1 for help.
          Appellant dragged the complainant out of the car by her hair and placed
himself on top of her with his knees in her chest. With the bottle in his hand,
appellant asked the complainant “if she was ready to meet her Maker” and cut her
throat in a back and forth motion. He told her that her face was not going to be “so
beautiful anymore” and sliced her face with the bottle. He then took the bottle and
placed it over her throat and motioned that he would cut her there. The complainant
heard police sirens, and then appellant told her, “I’m going to let you live because I’m
a Christian and God is going to forgive me for what I’ve done here tonight.”
          Sergeant Pamela Erickson of the Baytown Police Department arrived on the
scene. Sergeant Erickson witnessed appellant’s hovering on top of the complainant
and getting up off of her. Appellant had bloody hair on his hands, and the
complainant had blood streaming down her face.
          Officers Russell Krutsinger and Jessica Stombaugh also arrived at the scene
and observed the complainant’s condition and a broken beer bottle, blood, and clumps
of bloody hair. Detective Steve Jones investigated the assault and testified that the
broken beer bottle in question was capable of causing serious bodily injury or death.
Sufficiency of the Evidence
          In his first issue, appellant purportedly contends that the evidence is factually
insufficient to support his conviction for aggravated assault by a deadly weapon,
namely, a broken beer bottle. Appellant’s arguments, however, attack the factual
sufficiency of the evidence based on the unreliability of the complainant’s testimony.
A.      Standard of Review
          In our factual-sufficiency review, we view the evidence in a neutral light. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We must review all
the evidence and give proper deference to the jury findings. Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The jury is the sole judge of the weight of
the evidence and of the credibility of the witnesses, and the verdict should be set
aside only if manifestly wrong and unjust. Id. Deference should be given to the
jury’s findings because the jury is free to accept or to reject any or all of the evidence
presented and may also draw reasonable inferences from basic facts to determine
ultimate facts. See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). In
a factual-sufficiency review, we must also consider the most important evidence on
which the appellant relies and that he claims undermines the jury’s verdict. Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          The evidence may be factually insufficient in two different ways. Zuniga, 144
S.W.3d at 484. First, the evidence supporting the verdict, when viewed in isolation,
may be too weak to support a finding of guilt beyond a reasonable doubt. Id. 
Second, there may be evidence that supports the verdict and evidence that is contrary
to the verdict, but when weighed together, the contrary evidence may be strong
enough to prevent the beyond-a-reasonable-doubt standard from being met. Id. at
484–85.
B.      The Law
          A person commits aggravated assault if he commits assault and uses or exhibits
a deadly weapon during the commission of that assault. Tex. Pen. Code Ann.
§ 22.02(a)(2) (Vernon 2003). A person commits assault if, among other things, he
intentionally, knowingly, or recklessly causes bodily injury to another. Id.
§ 22.01(a)(1) (Vernon 2003).      
C.      Analysis
          Appellant argues that (1) there is insufficient evidence “to prove that Appellant
while highly intoxicated repeatedly cut complainant with the broken neck of a beer
bottle while at the same time wrapping both his hands around her neck and holding
her down as she struggled against him” and (2) “the evidence is unreliable and
contradicted in most instances by the State’s own witnesses, thus undermining any
confidence in the jury’s verdict.”
          To support these arguments, appellant relies on the following: (1) the only
evidence linking appellant to the assault was the complainant’s own testimony that
appellant told her that her face would not be beautiful anymore and (2) the
complainant had previously accused another man of attacking her in another incident,
she had a psychiatric history of depression and possible suicidal tendencies, and she
had confessed to drinking heavily on the date of incident. Therefore, appellant asserts
that the complainant’s testimony was “obviously weak,” “unreliable,” “not credible,”
and “not worthy of belief.” Thus, appellant’s arguments primarily attack the factual-sufficiency of the evidence under the first mode, i.e., the inherent weakness of the
State’s evidence. See Zuniga, 144 S.W.3d at 484.
          The State rebuts appellant’s argument by asserting that the complainant was not
the only person who testified to appellant’s attack: Castilaw and Sergeant Erickson
also witnessed the attack. We review the testimony of these witnesses in turn. 
          First, Castilaw, the driver of the vehicle in which the complainant and appellant
were riding on the date of the incident, testified in response to the prosecutor’s
questioning as follows:
Q:What did you see happen next?
 
A:When he [appellant] got her out [of the car], she hit her knees and
he went to hitting her like that. 
 
Q:What was he hitting her with?
 
A:That bottle in his hand. 
 
Q:What did you do after that?
 
A:I left and called 911 right there at the driveway.

          Second, Sergeant Erickson, the officer who arrived on the scene, testified in
response to the prosecutor’s questioning as follows:
Q:[W]hen you pulled up, what did you see?
 
A:I saw a woman in this area here. She was half laying [sic] down,
half kind of trying to get up. She had blood streaming down her
front of her face. And then I saw a man with his back toward me
leaning over her like he was getting up . . . . He was walking
toward me and taking his hands and throwing bloody hair off his
hands.

          Finally, the complainant testified about appellant’s assault with the bottle in
response to the prosecutor’s questioning as follows:
Q:Did you see if [appellant] had anything in his hand at that point?
 
A:He had a portion of a beer bottle, a sharp portion of it.
 
. . .
 
Q:After he says it’s time to meet your Maker, what happened?
 
A:He began slicing my throat, my face.
 
Q:How did he slice your throat?
 
A:He took that beer bottle just back and forth, back and forth.
 
. . .
 
Q:First thing he cut was your neck?
 
A:Yes.
 
. . .
 
Q:And he cut your face with the beer bottle?
 
A:He did.

          As a threshold matter, we disregard appellant’s reliance on the complainant’s
“psychiatric history of depression” and “possible suicidal ideation” because this
evidence was presented through a bill of exception that was off the record, thus
precluding the jury from hearing this evidence. In addition, appellant cited evidence
that the complainant testified that she had previously accused another man of
assaulting her, but this evidence, too, was presented outside of the jury’s presence. 
          In considering the other evidence on which appellant relies and claims
undermines the jury’s verdict (evidence that the complainant’s testimony was the only
link to appellant’s assault and that the complainant confessed that she had drunk
heavily around the date of the incident), we cannot say that the State’s evidence was
so inherently weak that it failed to prove beyond a reasonable doubt that appellant
unlawfully, intentionally, and knowingly caused bodily injury to the complainant with
a broken beer bottle, a deadly weapon, on November 10, 2004. Moreover, appellant’s
complaint based on the complainant’s level of intoxication goes to the weight to be
given her testimony, a matter which is the sole province of the jury. See Cain, 958
S.W.2d at 407.
          We overrule the first issue. 
Lesser-Included Offense of Assault
          In his second issue, appellant contends that the trial court erred in refusing to
charge the jury on the lesser-included offense of assault. 
A.      The Law
          In determining whether appellant’s request for a jury instruction on a lesser-included offense was properly denied by the trial court, we must consider all of the
evidence introduced at trial. Banda v. State, 890 S.W.2d 42, 60 (Tex. Crim. App.
1994). Before an instruction on a lesser-included offense is warranted, a two-pronged
test must be satisfied: (1) the lesser-included offense must be included within the
proof necessary to establish the offense charged and (2) some evidence must exist in
the record that would permit a jury rationally to find that the defendant is guilty only
of the lesser offense. Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002);
see Irving v. State, 176 S.W.3d 842, 845 (Tex. Crim. App. 2005) (citing Hayward v.
State, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005)). 
 
          Appellant contends that assault is a lesser-included offense of aggravated
assault and that the trial court erred by denying a jury charge on assault. A person
commits assault if he:
          (1)     intentionally, knowingly, or recklessly causes bodily injury
to another, including the person’s spouse; 
 
          (2)     intentionally or knowingly threatens another with imminent
bodily injury, including the person’s spouse; or
 
          (3)     intentionally or knowingly cause physical contact with
another when the person knows or should reasonably
believe that the other will regard the contact as offensive or
provocative.
 
Tex. Pen. Code Ann. § 22.01(a). Aggravated assault requires that a person commit
assault as defined in section 22.01 and that the person “(1) cause[] serious bodily
injury to another, including the person’s spouse; or (2) use[] or exhibit[] a deadly
weapon during the commission of the assault.” Id. § 22.02.
          As to the first prong, assault may be a lesser-included offense of aggravated
assault. Irving, 176 S.W.3d at 845 (“[S]imple assault may be a lesser-included
offense of aggravated assault in some cases”); see Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 1981). However, “a trial court is not required to instruct a jury on a
lesser included offense where the conduct establishing the lesser offense is not
‘included’ within the conduct charged, i.e, within the facts required to proved the
charged offense.” Irving, 176 S.W.3d at 846; see Hayward, 158 S.W.3d at 480
(holding that “[b]ecause the conduct that the appellant alleged was not included
within the conduct charged in the indictment, the trial court did not err in failing to
give the lesser-included offense instruction”). In other words, if the conduct for
which the appellant requests a lesser-included-offense instruction (here, assault by
hitting the complainant with his fist, pulling her hair, and dragging her from the car)
is different from the conduct charged as the greater offense in the indictment (here,
aggravated assault by cutting the complainant with a broken bottle), then “[the]
offense fails to meet the requirements of Texas Code of Criminal Procedure article
37.09[.] [This is] because the same facts or less than the same facts required to prove
the greater aggravated assault offense are not required to prove the assault offense.”
Irving, 176 S.W.3d at 846. 
          As to the second prong, in determining whether some evidence exists in the
record to support a charge on a lesser-included offense, if any evidence, regardless
of its strength or weakness, raises the issue that the defendant was guilty only of the
lesser offense, then the charge must be given. Saunders v. State, 840 S.W.2d 390,
391 (Tex. Crim. App. 1992). The credibility of the evidence and whether it conflicts
with other evidence or is controverted may not be considered in determining whether
an instruction on a lesser-included offense should be given. Banda, 890 S.W.2d at
60. 
 
B.      Analysis      
          Specifically, appellant contends that he was entitled to a lesser-included assault
charge “based upon Appellant’s hitting complainant with his fist . . . .” Appellant’s
indictment charged as follows: 
The duly organized Grand Jury of Harris County, Texas, presents in the
District Court of Harris County, Texas, that in Harris County, Texas,
THOMAS WADE BUCK, hereafter styled the Defendant, heretofore on
or about November 10, 2004, did then and there unlawfully,
intentionally, and knowingly cause bodily injury to Heather Fleming by
using a deadly weapon, namely, a beer bottle. 

          The facts in this case are highly analogous to those presented in Irving v. State,
176 S.W.3d at 843–46. In Irving, the appellant was charged with aggravated assault
for striking his victim with a bat, which the court found to be have been used as a
deadly weapon. Id. at 845. On appeal, Irving asserted that the trial court had erred
by not having given a lesser-included jury instruction on simple assault for “grabbing
the victim and eventually falling on top of her.” Id. at 846. The court held that the
appellant was not entitled to a lesser-included-offense instruction, reasoning that
[b]ecause the conduct constituting the offense of assault for which the
Appellant wanted an instruction is not the same as the conduct charged
in the indictment for aggravated assault, assault by means of grabbing
the victim and eventually falling on top of her is not a lesser-included
offense of aggravated assault by striking the victim with a bat. . . .
Assault by grabbing and falling on someone may be a lesser-included
offense of aggravated assault in some instances, but not as the greater
offense was charged in the indictment in this case. 

Id.  
          In our case, appellant was charged with aggravated assault based on appellant’s
use of a beer bottle as a deadly weapon. Appellant asserts that the jury should have
been instructed on assault based on his conduct of punching the complainant with his
fists, pulling her hair, and dragging her out of the car. When we apply the Court’s
reasoning in Irving to this case, assault by means of punching, hair-pulling, or
dragging the complainant is not a lesser-included offense of aggravated assault by
cutting and injuring the complainant with a broken beer bottle. Therefore, although
assault by punching, hair-pulling, and dragging may be a lesser-included offense of
aggravated assault in some cases, we hold that it is not a lesser-included offense of
aggravated assault here, when the indictment specifically charged that the assault
involved the use of a broken bottle as a deadly weapon. 
          Because the first prong of the lesser-included-offense test is not satisfied in this
case, we need not address the second prong of whether some evidence existed that
appellant was guilty of only the lesser-included offense. 
          Therefore, we overrule the second issue. 
 

Conclusion
We affirm the judgment of the trial court.




                                                              Tim Taft
                                                               Justice 

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. See TEX. R. APP. P. 47.2(b).