Affirmed and Memorandum Opinion filed June 5, 2007








Affirmed and Memorandum Opinion filed June 5, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00608-CR

_______________

 

JONATHON GABRIEL COOPER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court


 Harris County, Texas

Trial Court Cause No. 1043726

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








Jonathan Gabriel Cooper appeals a
conviction for burglary of a habitation with the intent to commit, or attempt
to commit, sexual assault[1] on the
grounds that: (1) the trial court erred in overruling his objection to the
admission of his deadly conduct conviction during the guilt/innocence phase of
trial; (2) he was denied the effective assistance of counsel during the
guilt/innocence and punishment phases of the trial; (3) the prosecutor
improperly referred to appellant=s extraneous offenses as convictions
during her punishment closing argument; and (4) the prosecutor elicited
uninvited character evidence during the guilt/innocence phase of trial.  We
affirm.

Deadly Conduct Conviction

Appellant=s first issue contends that any
probative value of the evidence of his deadly conduct conviction was outweighed
by the danger of unfair prejudice[2] because the
admission of that evidence improperly conveyed the judge=s opinion on guilt.[3]

However, the trial court=s ruling was made at a bench
conference, outside the presence of the jury.  Appellant=s brief fails to explain or cite
authority indicating how a trial court=s decision to admit or exclude
evidence, alone, can convey a trial court=s opinion on guilt of the charged
offense.  Because appellant=s first issue thus fails to demonstrate that the trial court=s action caused the evidence to be
unfairly prejudicial, it is overruled.

Ineffective Assistance








Appellant=s second through eighth issues
contend that his trial attorney performed ineffectively in numerous respects. 
To prevail on an ineffective assistance claim, appellant must show that his
defense attorney's performance fell below an objective standard of
reasonableness and there is a reasonable probability that, but for the error,
the result of the proceeding would have been different.  See Yarborough v.
Gentry, 540 U.S. 1, 5 (2003); Garza v. State, 213 S.W.3d 338, 347B48 (Tex. Crim. App. 2007).  An
ineffective assistance claim must be firmly founded in the record, and the
record must affirmatively demonstrate the meritorious nature of the claim. Garza,
213 S.W.3d at 348; Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005).  If counsel's reasons for his conduct do not appear in the record
and there is at least the possibility that the conduct could have been grounded
in legitimate trial strategy, we will defer to counsel's decisions and deny
relief on an ineffective assistance claim on direct appeal. Garza, 213
S.W.3d at 348.

Appellant=s second and third issues complain of
his attorney asking, during voir dire, whether jurors could consider probation
in an offense involving sexual assault because this question compelled
appellant to take the stand Aless it be held as a circumstance against him.@  Appellant=s brief neither explains, nor cites
authority for, why this question was not a sound trial strategy under the
circumstances or how it conveyed a false impression that compelled him to take
the stand to correct.  Accordingly, appellant=s second and third issues are
overruled.

Appellant=s fourth issue asserts that his
conviction and sentence was the Aresult of cumulative effect of the
deficiencies of his counsel.@  However, because his brief fails to identify any deficient
performance by his trial counsel, it fails to establish that it could have 
resulted in cumulative error.[4]  Therefore,
appellant=s fourth issue is overruled.








Appellant=s brief does not state a fifth issue,
but the discussion under the heading, APoint of Error No. 5" contends
that the Atrial court allowed the case to bolster the story of the complaining
witness when such was clearly hearsay.@[5]  However, in the only portion of the
reporter=s record that is cited in this
section of the brief, the only objection made by defense counsel was based on
relevance and was sustained by the trial court.  Because the discussion of this
issue cites no objection that comports with his complaint on appeal[6]
and on which he obtained an adverse ruling,[7]
it presents nothing for our review and is overruled.

Appellant=s sixth issue complains that his
defense counsel failed to object to the State=s questions concerning the particular
facts of appellant=s deadly conduct conviction that were not stated in the
judgment.  However, because appellant=s trial counsel did object to
the State=s offer of this evidence, his sixth issue is unsupported by the record
and is overruled.

Appellant=s seventh issue contends that his
trial counsel was ineffective in failing to request a lesser-included offense
instruction on burglary of a habitation with intent to commit theft, burglary
of a habitation (criminal mischief), assault, or sexual assault.  Because the
record is silent as to the reasons for counsel's decision not to request such
an instruction, appellant's seventh issue fails to rebut the presumption of
reasonable trial strategy.[8]  In addition,
appellant=s brief does not explain how: (1) the elements of any of the claimed
lesser included offenses are the same as or less than the statutory elements of
the charged offense as modified by the indictment; or (2) the evidence actually
presented to prove the elements of the charged offense could also show guilt of
only a lesser-included offense.  See, e.g., Hayward v. State, 158
S.W.3d 476, 478-79 (Tex. Crim. App. 2005).  Therefore, appellant=s seventh issue affords no basis for
relief and is overruled.








Appellant=s eighth issue contends that his
trial counsel was ineffective for failing to object, during the punishment
phase, to the relevancy of testimony about appellant=s extraneous offenses of having sex
with an underaged female.  However, appellant has not cited authority or
explained why such evidence would have been inadmissible during the punishment
phase.[9]  Accordingly,
appellant=s eighth issue is overruled.

Improper Argument

Appellant=s ninth issue contends that the
prosecutor improperly referred to appellant=s unadjudicated extraneous offenses
as actual final convictions during her punishment closing argument.[10] 
However, because appellant failed to object to the prosecutor=s jury argument, he has not preserved
that complaint for appeal.  See Threadgill v. State, 146 S.W.3d 654, 670
(Tex. Crim. App. 2004).  Accordingly, appellant=s ninth issue is overruled.

Character Evidence








Appellant=s tenth issue contends that the
prosecutor improperly questioned appellant about his reputation when such
character evidence[11] was
uninvited.  However, at trial, appellant objected to the complained-of evidence
on the ground of relevance.  Because appellant's trial objection does
not comport with the issue he raises on appeal, it is not preserved for our
review.[12] 
Accordingly, appellant=s tenth issue is overruled, and the judgment of the trial
court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 5, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at 25 years confinement and a $10,000 fine.





[2]           See Tex. R. Evid. 403.  Evidence is Aunfairly prejudicial@ only when it tends to have some adverse effect upon a defendant beyond
tending to prove the fact or issue that justifies its admission into evidence. 
Casey v. State, 215 S.W.3d 870, 879 (Tex. Crim. App.  2007).





[3]           See Tex. Code Crim. Proc. Ann. art.
38.05 (Vernon 1979) (AIn ruling upon the admissibility of evidence, the
judge shall not discuss or comment upon the weight of the same or its bearing
in the case, but shall simply decide whether or not it is admissible; nor shall
he, at any stage of the proceeding previous to the return of the verdict, make
any remark calculated to convey to the jury his opinion of the case.@).  To constitute reversible error under this rule, a
trial court's comment to the jury must be such that it is reasonably calculated
to benefit the State or to prejudice the rights of the defendant.  Becknell
v. State, 720 S.W.2d 526, 531 (Tex. Crim. App. 1986).

 





[4]           See Chamberlain v. State, 998 S.W.2d
230, 238 (Tex. Crim. App. 1999) (acknowledging that no authority has held that
non‑errors may in their cumulative effect cause error).  





[5]           This section further states that AOfficer Miller, a State=s witness and not only was the witness allowed to state the stories of
each, he was allowed to give his opinion as to the credibility of both the
complaining witness and the [a]ppellant it being prejudicial hearsay@ and that A[s]uch
testimony constitutes patent hearsay and unnecessary bolstering because the
evidence did not rehabilitate the witness on the specific matter of
impeachment.@





[6]           See, e.g., Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995).





[7]           See, e.g., Moff v. State, 131 S.W.3d
485, 489 (Tex. Crim. App. 2004) (AAlso,
the complaining party must have obtained an adverse ruling from the trial
judge, or objected to the trial judge=s
refusal to rule, to preserve error in the admission of evidence.@).





[8]           See Garza, 213 S.W.3d at 348; Ex
parte White, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004) (noting that decision
not to request instruction on the lesser-included offense could be a reasonable
all‑or‑nothing trial strategy).





[9]           See Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) (Vernon 2006) (ARegardless of the plea and whether the punishment be assessed by the
judge or the jury, evidence may be offered by the state and the defendant as to
any matter the court deems relevant to sentencing, including but not limited to
the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the offense
for which he is being tried, and, notwithstanding Rules 404 and 405, Texas
Rules of Evidence, any other evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime
or act.@); White, 160 S.W.3d at 53 (stating that, to
show ineffective assistance of counsel for the failure to object during trial,
the defendant must show that the trial judge would have committed error in
overruling the objection).





[10]         Although it does not bear on our disposition,
appellant=s point of error nine heading states the prosecution
made the harmful comments during closing argument, whereas the
discussion under this heading cites to the prosecutor=s cross-examination of appellant during the punishment
stage of the trial.  During the prosecution=s
cross-examination of appellant at the punishment stage of the trial, appellant=s trial counsel objected to the implication that
appellant had been convicted of certain extraneous offenses based on
relevance.  However, the prosecutor did not state that appellant had been
convicted of any offense, other than the deadly conduct offense, of which he in
fact had been convicted.  Moreover, appellant fails to cite any authority
holding that the prosecution=s statements
were improper or that the trial court abused its discretion in allowing the
statements.  See Tex. R. App. P. 38.1(h); Brumit, 206 S.W.3d 639,
646 n.3 (Tex. Crim. App. 2006); Page v. State, 213 S.W.3d 332, 337 (Tex.
Crim. App. 2006).





[11]         See Tex. R. Evid. 404(a)(1) (Evidence
of a person's character or character trait is not admissible for the purpose of
proving action in conformity therewith on a particular occasion, except: (1)
evidence of a pertinent character trait offered: (A) by an accused in a
criminal case, or by the prosecution to rebut the same, or (B) by a party
accused in a civil case of conduct involving moral turpitude, or by the
accusing party to rebut the same.).





[12]         See Tex. R. App. P. 33.1(a)(1); Swain,
181 S.W.3d 359, 367 (Tex. Crim. App. 2005), cert. denied, 127 S. Ct. 145
(2006); Medina v. State, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999)
(holding that relevancy objection does not preserve appellate complaint of
admissibility of character evidence under Rule 404).