COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-379-CR

 

 

LANCE DARNELL WILLIAMS                                                  APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant Lance Darnell
Williams appeals his conviction for murder.[2]  We affirm.        

 

 








Appellant shot and killed his
friend, Charlie Lee Jackson, following an argument.  A jury found appellant guilty of murder and
assessed punishment at twenty-five years= confinement.  The trial court
sentenced him accordingly.

In point one, appellant
claims that the trial court erred in refusing his requested jury charge on
criminally negligent homicide as a lesser included offense.  We use a two-step analysis to determine
whether appellant was entitled to a lesser included offense instruction.[3]  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.[4]  Article 37.09(3) provides, AAn offense is a lesser included offense if . . . it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission.[5]  Criminally negligent homicide satisfies this
first step.[6]









The next step is to determine
whether some evidence exists that would permit a jury to rationally find that
if appellant is guilty, he is guilty only of the lesser offense.[7]  This step acknowledges that there are factual
circumstances in which an offense is indeed a lesser included offense under the
first step, but a jury charge instruction is not required because the conditionCthat the defendant is not guilty of the greater offense but is guilty
only of the lesserCis not met.[8]  In such a case, the offense remains a lesser
included, but the trial court is not required to instruct the jury on it.[9]














The evidence must be
evaluated in the context of the entire record.[10]  There must be some evidence from which a
rational jury could acquit the defendant of the greater offense while
convicting him of the lesser.[11]  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence.[12]  Anything more than a scintilla of evidence
may be enough to entitle a defendant to a lesser charge.[13]  A charge on the lesser included offense is
not required when the defendant presents no evidence or presents evidence that
no offense was committed and there is no evidence otherwise showing that the
defendant is guilty of a lesser included offense.[14]
         A defendant is entitled to a
charge on criminally negligent homicide only if there is more than a scintilla
of evidence to show that he did not perceive that his conduct created a
substantial and unjustifiable risk of injury or death.[15]  Appellant contends that he only shot in the
air to scare Jackson and that he did not intend to kill him.  In support of this assertion, he cites
testimony from a witness to the shooting, Latoya Degraffinried, and Arlington
Police Detective Byron Stewart, together with his own videotaped statements.  Assuming this evidence does show that
appellant was pointing the gun in the air when he confronted Jackson, none of
it proves that appellant failed to perceive the risk created by his conduct.[16]  Even if the gun was pointing in the air, it
is undisputed that it was pointed in Jackson=s direction.  At a minimum, the
evidence shows that appellant knew and disregarded the risks created by
pointing and firing the gun in Jackson=s direction.[17]

Because there is no evidence
that appellant failed to perceive that his conduct would create a substantial
and unjustifiable risk of injury or death, we hold that no rational jury would
acquit appellant of murder and find him guilty only of criminally negligent
homicide.[18]
 We overrule point number one.








In points two through ten,
appellant claims that his trial counsel provided ineffective assistance.    We apply a two-pronged test to ineffective
assistance of counsel claims.[19]  First, appellant must show that counsel=s performance was deficient, which requires a showing that counsel
made such serious errors that he or she was not functioning as the Acounsel@ guaranteed
by the Sixth Amendment.[20]  Counsel=s performance is only deficient if it fell below an objective standard
of reasonableness measured by prevailing professional norms.[21]
The record must be sufficiently developed to overcome a strong presumption that
counsel provided reasonable assistance.[22]   Our scrutiny of counsel=s performance must be highly deferential, making every effort to
eliminate the distorting effects of hindsight.[23]


Second, appellant must show
that counsel=s deficient
performance prejudiced the defense; this requires a showing that counsel=s errors were so serious as to deprive the defendant of a fair trial.[24]  Appellant must show that there is a
reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.[25]









A claim of ineffective
assistance of counsel must be firmly grounded in, and supported by, the record.[26]  When the record is silent as to possible
trial strategies employed by defense counsel, we will not speculate on the
reasons for those strategies.[27]

There is a substantial risk
of failure when a claim of ineffective assistance of counsel is brought on
direct appeal.[28]  AUnder normal circumstances, the record on direct appeal will not be
sufficient to show that counsel=s representation was so deficient and so lacking in tactical or
strategic decision making as to overcome the presumption that counsel=s conduct was reasonable and professional.@[29]








This case demonstrates the Ainadequacies inherent in evaluating ineffective assistance claims on
direct appeal.@[30]  Although appellant filed a
motion for new trial, there is nothing in the record to show that he presented
it to the trial court to afford the trial court a chance to hold a hearing and
inquire into the reasons for trial counsel=s acts or omissions. 
Consequently, we cannot determine whether counsel=s actions were grounded in sound trial strategy because the record is
silent as to possible trial strategies, and we will not speculate on the
reasons for those strategies.[31]   Therefore, appellant has failed to meet the
first prong of Strickland. 
Moreover, even if we could discern from the record that appellant=s trial counsel=s
performance fell below the standard of reasonable professional representation,
appellant has made no showing that any of counsel=s alleged errors negatively affected the outcome.[32]
Consequently, appellant has failed to meet the second prong of Strickland.  We  overrule
points two through ten.

Having overruled all of
appellant=s points, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO NOT PUBLISH 

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 2, 2008











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. ' 19.02(b)
(Vernon 2003).





[3]Hall
v. State, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau
v. State, 855 S.W.2d 666, 672B73 (Tex. Crim. App.), cert.
denied, 510 U.S. 919 (1993).





[4]Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Moore v. State, 969
S.W.2d 4, 8 (Tex. Crim. App. 1998).





[5]Tex.
Code Crim. Proc. Ann. art. 37.09(3). 





[6]Saunders
v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992); Lugo
v. State, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984).





[7]Hall, 225
S.W.3d at 536; Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App.
2005); Rousseau, 855 S.W.2d at 672B73. 





[8]Pickens
v. State, 165 S.W.3d 675, 679 (Tex. Crim. App. 2005);
see also Irving v. State, 176 S.W.3d 842, 845B46
(Tex. Crim. App. 2005); Hayward v. State, 158 S.W.3d 476, 478 (Tex.
Crim. App. 2005). 





[9]Pickens, 165
S.W.3d at 679.





[10]Moore, 969
S.W.2d at 8.





[11]Id.





[12]Id.





[13]Hall, 225
S.W.3d at 536. 





[14]Lofton
v. State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). 





[15]Hall, 225
S.W.3d at 536; Mendieta v. State, 706 S.W.2d 651, 653 (Tex. Crim. App.
1986).





[16]See
Trujillo v. State, 227 S.W.3d 164, 168 (Tex. App.CHouston
[1st Dist.] 2006, pet. ref=d) (AIn
fact, appellant=s
testimony that he wanted the gun >to frighten the men off=
shows that he either disregarded the risk or knew the risk of having a loaded
gun.@); Woodward
v. State, 170 S.W.3d 726, 728 (Tex. App.CWaco 2005, pet. ref=d)
(defendant=s
testimony that he merely intended to Ascare them off@ did
not entitle him to criminally negligent homicide  instruction).





[17]See
Trujillo, 227 S.W.3d at 168.





[18]See
Moore, 969 S.W.2d at 8.





[19]Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas, 163 S.W.3d at 740; Mallett v. State, 65 S.W.3d
59, 62B63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). 





[20]Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.





[21]Id. at
688B89,
104 S. Ct. at 2065.





[22]Bone
v. State, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App.
2002); Thompson, 9 S.W.3d at 813B14.





[23]Strickland, 466
U.S. at 689, 104 S. Ct. at 2065.





[24]Id. at
687, 104 S. Ct. at 2064.





[25]Id. at
694, 104 S. Ct. at 2068.





[26]Thompson, 9
S.W.3d at 814; Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App.
1998).





[27]See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).





[28]Thompson, 9
S.W.3d at 813.





[29]Bone, 77
S.W.3d at 833.





[30]Patterson
v. State, 46 S.W.3d 294, 306 (Tex. App.CFort
Worth 2001, no pet.).





[31]See
id.; Jackson, 877 S.W.2d at 771.





[32]See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.