Opinion filed June 24,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00270-CR

                                                    __________

 

                              ALONSO
TORRES URIAS, Appellant

 

                                                             V.

 

                                     STATE
OF TEXAS , Appellee



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. A-34,527



 

                                            M
E M O R A N D U M   O P I N I O N

            

            The
jury convicted Alonso Torres Urias of aggravated sexual assault of a child as
alleged in Counts One and Two of the indictment and assessed his punishment at
confinement for life for each offense.  The jury convicted appellant of
indecency with a child as alleged in Count Four of the indictment and assessed
his punishment at confinement for life.  The sentences are to run concurrently. 
We affirm.

            Appellant
argues in his second issue on appeal that the evidence is legally and factually
insufficient to support his convictions.  In order to determine if the evidence
is legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex. Crim. App. 2000).  To determine if the evidence is factually sufficient,
the appellate court reviews all of the evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) (overruling in part
Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v.
State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15;
Johnson, 23 S.W.3d at 10-11.

            We review the factfinder’s weighing of the evidence and cannot substitute our judgment
for that of the factfinder.  Cain, 958 S.W.2d at 407; Clewis, 922
S.W.2d at 135.  Due deference must be given to the jury’s determination,
particularly concerning the weight and credibility of the evidence.  Johnson,
23 S.W.3d at 9.  This court has the authority to disagree with the factfinder’s
determination “only when the record clearly indicates such a step is necessary
to arrest the occurrence of a manifest injustice.”  Johnson, 23 S.W.3d
at 9.

            The
victim lived with her grandmother Victoria Jimenez and appellant.  The victim
testified that, when she was in the fifth grade, she was in her grandmother’s
room watching television.  Appellant came into the room, closed the door, and
got onto the bed by the victim.  The victim stated that appellant kept moving
closer toward her and then touched her.  The victim stated that appellant
touched her underneath her clothes “[b]elow the waist” and that he put his hand
“inside” of her.  The victim told appellant to stop, but he did not.  The
victim moved appellant’s hand away from her and was able to leave the room.  The
victim did not tell anyone what had happened.

            The victim
testified that sometime later she was in her grandmother’s room, and appellant
came into the room and closed the door.  Appellant grabbed the victim’s legs
and pulled them toward him.  Appellant took off the victim’s clothes and put
his “thing” inside of her.  The victim testified that appellant was “moving”
his “thing” inside of her and that it hurt.  Appellant eventually stopped, and
the victim went to her room.  The victim testified that appellant did the same
thing to her on another occasion in her bedroom.  

            The
victim stated that she did not tell anyone at the time because she did not
think anyone would believe her.  The victim eventually wrote it down on a note and
gave the note to her grandmother.  The victim read the note to the jury, which said,
“MeMaw, PePaw has touched me, and I am scared.   He told me not to tell, but I
can’t hold it in anymore.”  The victim’s mother Veronica Heredia came to the
house and read the note.  Heredia took the victim from the house, and they
later reported the offense to the police. 

            Heredia
testified at trial that on April 1, 2007, the victim called her to bring asthma
medication to Jimenez’s house.  When Heredia arrived at the residence, the victim
was crying.  Jimenez gave Heredia the victim’s note.  After reading the note,
Heredia confronted appellant.  Heredia then instructed the victim to gather her
belongings.  The victim and Heredia left the residence.

            Elizabeth
Garza, a former forensic interviewer for Harmony Home Child Advocacy Center,
testified that she conducted an interview with the victim.  The victim told
Garza of three incidents with appellant.  Garza stated that the victim said the
first time appellant put his hand inside of her pants and touched her “below
the waist.”  The victim also told Garza that the other two times appellant put
his “thing” inside of her.  Garza stated that the victim was very shy and had a
hard time telling her about the offenses.  

            Christin
Abbott, a nurse at Medical Center Hospital, testified that she examined the
victim.  The victim told Abbott that appellant “put his private thing in mine.” 
Abbott stated that the victim had a “well-healed tear” in two areas of her
hymen.  Abbott testified that the injuries were consistent with the victim’s
account of the offenses.

            Jimenez
testified at trial that appellant is her common-law husband.  Jimenez further
testified that the victim did give her a note but that the note introduced at
trial was not the note she received from the victim.  Jimenez stated that she
believes the victim’s allegations and that the victim has no reason to lie.

            A
person commits the offense of aggravated sexual assault if he intentionally and
knowingly causes the penetration of the sexual organ of a child.  Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)
(Vernon Supp. 2009).  The victim testified that appellant penetrated her sexual
organ on two occasions, and the medical evidence supported her testimony.  A
person commits the offense of indecency with a child if he engages in sexual
contact with the child.  Tex. Penal Code
Ann. § 21.11(a)(1) (Vernon Supp. 2009).   Sexual contact means the actor
committed the following acts with the intent to arouse or gratify the sexual
desire of the person:

      (1)
any touching by a person, including touching through clothing, of the anus,
breast, or any part of the genitals of a child; or

 

      (2)
any touching of any part of the body of a child, including touching through
clothing, with the anus, breast, or any part of the genitals a the person.

 

Tex. Penal Code Ann. § 21.11(c) (Vernon
Supp. 2009).  The victim testified that appellant put his hand inside of her
pants and underneath her clothes.  The victim said that appellant touched her
“below the waist,” which she later defined as the “private part between her
legs.”  The victim further testified that appellant was moving his hands around
as he touched underneath her clothes.  We find that the evidence is legally and
factually sufficient to support appellant’s convictions.  We overrule
appellant’s second issue on appeal.

            In
his first issue on appeal, appellant complains that the trial court erred in
refusing his “request for a lesser included instruction of indecency by
contact, as a lesser included offense of Aggravated Sexual Assault of a Child.” 
The Texas Court of Criminal Appeals has adopted a two-prong test to determine
if the trial court is required to include an instruction on a lesser included
offense:  (1) the lesser included offense must be included within the proof
necessary to establish the offense charged and (2) some evidence must exist in
the record that, if the defendant is guilty, he is guilty only of the lesser
offense.  Hampton v. State, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003); Rousseau
v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).  When we review a
trial court’s decision to include or exclude a lesser included offense, we
consider the charged offense, the statutory elements of the lesser offense, and
the evidence actually presented at trial.  Hayward v. State, 158 S.W.3d
476, 478 (Tex. Crim. App. 2005).   

            Appellant
specifically argues that the evidence supports an instruction on the lesser
offense because the note the victim wrote to her grandmother only alleges that
appellant touched the victim.  Appellant was charged with two counts of aggravated
sexual assault and one count of indecency with a child.  In her outcry to
Garza, the victim described three incidents with appellant.  One incident
involved touching and two involved penetration.  The victim’s testimony at
trial was consistent with her outcry.  The evidence does not support
appellant’s request for a lesser included instruction on the offense of
aggravated sexual assault.  Appellant’s first issue on appeal is overruled.  

            We
affirm the trial court’s judgment.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

June 24, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.