**Opinion filed June 24, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00270-CR

_____

## ALONSO TORRES URIAS, Appellant

## V.

## STATE OF TEXAS , Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-34,527**

### M E M O R A N D U M   O P I N I O N

The jury convicted Alonso Torres Urias of aggravated sexual assault of a child as alleged in Counts One and Two of the indictment and assessed his punishment at confinement for life for each offense. The jury convicted appellant of indecency with a child as alleged in Count Four of the indictment and assessed his punishment at confinement for life. The sentences are to run concurrently. We affirm.

Appellant argues in his second issue on appeal that the evidence is legally and factually insufficient to support his convictions. In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine

whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

We review the factfinder's weighing of the evidence and cannot substitute our judgment for that of the factfinder. *Cain*, 958 S.W.2d at 407; *Clewis*, 922 S.W.2d at 135. Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9. This court has the authority to disagree with the factfinder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson*, 23 S.W.3d at 9.

The victim lived with her grandmother Victoria Jimenez and appellant. The victim testified that, when she was in the fifth grade, she was in her grandmother's room watching television. Appellant came into the room, closed the door, and got onto the bed by the victim. The victim stated that appellant kept moving closer toward her and then touched her. The victim stated that appellant touched her underneath her clothes "[b]elow the waist" and that he put his hand "inside" of her. The victim told appellant to stop, but he did not. The victim moved appellant's hand away from her and was able to leave the room. The victim did not tell anyone what had happened.

The victim testified that sometime later she was in her grandmother's room, and appellant came into the room and closed the door. Appellant grabbed the victim's legs and pulled them toward him. Appellant took off the victim's clothes and put his "thing" inside of her. The victim testified that appellant was "moving" his "thing" inside of her and that it hurt. Appellant eventually stopped, and the victim went to her room. The victim testified that appellant did the same thing to her on another occasion in her bedroom.

The victim stated that she did not tell anyone at the time because she did not think anyone would believe her. The victim eventually wrote it down on a note and gave the note to her grandmother. The victim read the note to the jury, which said, "MeMaw, PePaw has touched me, and I am scared. He told me not to tell, but I can't hold it in anymore." The victim's mother Veronica Heredia came to the house and read the note. Heredia took the victim from the house, and they later reported the offense to the police.

Heredia testified at trial that on April 1, 2007, the victim called her to bring asthma medication to Jimenez's house. When Heredia arrived at the residence, the victim was crying. Jimenez gave Heredia the victim's note. After reading the note, Heredia confronted appellant. Heredia then instructed the victim to gather her belongings. The victim and Heredia left the residence.

Elizabeth Garza, a former forensic interviewer for Harmony Home Child Advocacy Center, testified that she conducted an interview with the victim. The victim told Garza of three incidents with appellant. Garza stated that the victim said the first time appellant put his hand inside of her pants and touched her "below the waist." The victim also told Garza that the other two times appellant put his "thing" inside of her. Garza stated that the victim was very shy and had a hard time telling her about the offenses.

Christin Abbott, a nurse at Medical Center Hospital, testified that she examined the victim. The victim told Abbott that appellant "put his private thing in mine." Abbott stated that the victim had a "well-healed tear" in two areas of her hymen. Abbott testified that the injuries were consistent with the victim's account of the offenses.

Jimenez testified at trial that appellant is her common-law husband. Jimenez further testified that the victim did give her a note but that the note introduced at trial was not the note she received from the victim. Jimenez stated that she believes the victim's allegations and that the victim has no reason to lie.

A person commits the offense of aggravated sexual assault if he intentionally and knowingly causes the penetration of the sexual organ of a child. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (Vernon Supp. 2009). The victim testified that appellant penetrated her sexual organ on two occasions, and the medical evidence supported her testimony. A person commits the offense of indecency with a child if he engages in sexual contact with the child.

TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2009).   Sexual contact means the actor committed the following acts with the intent to arouse or gratify the sexual desire of the person:

> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals a the person.

TEX. PENAL CODE ANN. § 21.11(c) (Vernon Supp. 2009).  The victim testified that appellant put his hand inside of her pants and underneath her clothes.  The victim said that appellant touched her "below the waist," which she later defined as the "private part between her legs."  The victim further testified that appellant was moving his hands around as he touched underneath her clothes.  We find that the evidence is legally and factually sufficient to support appellant's convictions.  We overrule appellant's second issue on appeal.

In his first issue on appeal, appellant complains that the trial court erred in refusing his "request for a lesser included instruction of indecency by contact, as a lesser included offense of Aggravated Sexual Assault of a Child."  The Texas Court of Criminal Appeals has adopted a two-prong test to determine if the trial court is required to include an instruction on a lesser included offense:  (1) the lesser included offense must be included within the proof necessary to establish the offense charged and (2) some evidence must exist in the record that, if the defendant is guilty, he is guilty only of the lesser offense. *Hampton v. State*, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).  When we review a trial court's decision to include or exclude a lesser included offense, we consider the charged offense, the statutory elements of the lesser offense, and the evidence actually presented at trial. *Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005).

Appellant specifically argues that the evidence supports an instruction on the lesser offense because the note the victim wrote to her grandmother only alleges that appellant touched the victim.  Appellant was charged with two counts of aggravated sexual assault and one count of indecency with a child.  In her outcry to Garza, the victim described three incidents with appellant.  One incident involved touching and two involved penetration.  The victim's testimony at trial was consistent with her outcry.  The evidence does not support appellant's request for a lesser included instruction on the offense of aggravated sexual assault.  Appellant's first issue on appeal is overruled.

We affirm the trial court's judgment.


JIM R. WRIGHT

CHIEF JUSTICE


June 24, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.